NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY, | : <br> : <br> : |
| Plaintiff, | : Civil Action No. 20-1929 (SRC) <br> : |
| v. | : **OPINION** <br> : |
| JAMES P. CIGOLINI d/b/a CIGOLINI & ASSOCIATES, and CONNECTONE BANK, | : <br> : <br> : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on a motion and a cross-motion for summary judgment, pursuant to FED. R. CIV. P. 56: 1) the motion for partial summary judgment by General Star National Insurance Company (the "Insurer"); and 2) the cross-motion for summary judgment by Defendant James P. Cigolini ("Cigolini.") For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part, and Cigolini's cross-motion will be denied.

This case arises out of a dispute between the Insurer and Cigolini, who purchased Real Estate Appraisers Errors and Omissions Insurance policies from Plaintiff for several years. There is no dispute that Cigolini purchased the policy at issue (the "Policy"), Policy No. NJA343463, with a Policy Period of January 20, 2018 to January 20, 2019. On March 30, 2018,

1

Defendant ConnectOne Bank (the "Bank") filed a lawsuit against Cigolini in the New Jersey Superior Court of Bergen County. Cigolini subsequently filed a claim (the "Claim") under the Policy related to the lawsuit. On February 20, 2020, the Insurer filed the Complaint in the instant case, seeking a declaratory judgment that it has no coverage obligation to Cigolini under the Policy. Plaintiff has moved for summary judgment on Counts I and II, seeking a declaratory judgment of no coverage obligation. Cigolini has cross-moved for summary judgment on all counts in the Complaint, including Count III, which seeks reimbursement of damages and expenses incurred as a result of the Claim. The Bank is a Defendant in this case, and has opposed Plaintiff's motion.

## LEGAL STANDARD

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the

essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). "In reviewing the record, the court must give the nonmoving party the benefit of all reasonable inferences." Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

### I. Plaintiff's motion for partial summary judgment

Plaintiff moves for summary judgment on Counts I and II of the Complaint, seeking a declaration that it has no coverage obligation for the Claim under the Policy. Count I asserts that the Insurer has no coverage obligation because the Policy covers only a claim "first made" against the insured during the Policy period. Count II asserts that the Insurer has no coverage obligation because the Policy provides no coverage for a claim "first made" during the Policy period for an error or omission which occurred prior to the Policy period, if, on the inception date of the Policy, the insured had "knowledge of any act or circumstance that may reasonably be anticipated to give rise to a Claim against the Named Insured." (Compl. ¶ 40.)

Plaintiff contends that, on January 20, 2018, the inception date of the Policy, Cigolini had knowledge of circumstances that might reasonably have been anticipated to give rise to the Bank's lawsuit against him. The following facts are undisputed. On September 26, 2013, an appraiser prepared an appraisal report (the "Original Appraisal") concluding that the market value of a property, located at 1001 Durham Avenue, South Plainfield, New Jersey, was $16,100,000. On September 28, 2013, the Bank engaged Cigolini to perform an appraisal review of the Original Appraisal (the "Appraisal Review"). Cigolini provided the Bank with an Appraisal Review which agreed with the Original Appraisal's determination of the property value. The Bank alleges that the Original Appraisal contained errors which resulted in an

4

incorrect valuation of the property, and that Cigolini's Appraisal Review failed to recognize the errors.

On July 5, 2016, a phone call took place between Cigolini and two attorneys representing Defendant ConnectOne Bank, Anthony Sylvester and Craig L. Steinfeld, from the law firm of Sherman Wells. During this brief phone call, Cigolini was informed that there was a mistake in the Original Appraisal. After the phone call, Cigolini received an email from the Sherman Wells attorneys which attached copies of the Original Appraisal, the Appraisal Review and a Corrected Appraisal Report. In the days after the July 5 phone call, Cigolini received a letter, dated June 30, 2016, from Sylvester. (D'Agostino Dec. Ex. 4.) The letter stated, in relevant part:

> Re: Commercial Property Appraisal Review
> Appraisal of Tumi Building
> 1001 Durham Avenue
> Block 550, Lot 4.01
> Borough of South Plainfield
> Middlesex County, New Jersey
>
> Dear Mr. Cigolini:
>
> We represent ConnectOne Bank (the "Bank"). We understand that in September 2013 Cigolini & Associates performed a Commercial Property Appraisal Review of an appraisal prepared by ARD Appraisal Company for the Bank on the above-referenced property. We would like to speak with your legal counsel regarding this matter and ask that you please have your attorney contact me as soon as possible.

(Id.) On August 1, 2016, Cigolini received another letter, dated July 28, 2016, from Sylvester, which stated, in relevant part:

> Re: Commercial Property Appraisal Review
> Appraisal of Tumi Building
> 1001 Durham Avenue
> Block 550, Lot 4.01

> Borough of South Plainfield
> Middlesex County, New Jersey
>
> Dear Mr. Cigolini:
>
> As you know, we represent ConnectOne Bank (the "Bank"). Following our telephone conversation on July 5, 2016, we emailed to you copies of the subject appraisal and your company's appraisal review. I again ask that you please have your attorney contact me as soon as possible.

(Feldman Dec. Ex. G.)

The Policy contains the following provisions:

### SECTION I – COVERAGE

> The Company will pay on behalf of the **Named Insured** all sums which the **Named Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Named Insured** during the **Policy Period** and first reported to the Company in writing during the **Policy Period** or applicable Extended Reporting Period, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by the **Named Insured**; provided always that such act, error, omission or **Personal Injury** happens:
> A. During the **Policy Period**; or
> B. Prior to the **Policy Period** provided that:
>
> 1. Such act, error, omission or **Personal Injury** took place on or after the Retroactive Date as stated on the Declarations Page of this Policy; and
> 2. At the Inception Date of this Policy no **Insured** had knowledge of any act or circumstance that may reasonably be anticipated to give rise to a **Claim** against the **Named Insured**.

(Pl.'s 56.1 Stmt. ¶ 36.)   The Policy provides this definition:

> **Claim** means a demand for money, receipt of a request to provide a recorded statement, the filing of **Suit** or the institution of arbitration or mediation proceedings naming the **Named Insured**, claiming Damages and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services**. **Claim** does not include proceedings seeking injunctive or other non-pecuniary relief, or administrative proceedings before any national, state, regional or local board of real estate agents, or any

> committee or subcommittee, except as provided in **SECTION V – SUPPLEMENTARY PAYMENTS**, paragraph A.2.

(Pl.'s 56.1 Stmt. ¶ 37.)

The parties have no disputes over the interpretation of the language of the relevant Policy provisions, but the Insurer and Cigolini disagree over whether to consider the prior knowledge provision an "exclusion" or a "condition precedent to coverage." The Insurer and Cigolini contend that this is a distinction with a difference, and that who bears the burden of proof at trial depends on it. The Insurer contends that the Policy's prior knowledge provision functions as a condition precedent to coverage, and that Cigolini bears the burden of proving that coverage has been triggered. Cigolini contends that the provision functions as an exclusion, and that the Insurer bears the burden of proving that coverage is excluded. The Bank takes no position on the matter.

The Insurer and Cigolini agree, however, that this Court should resolve the dispute over coverage in this case by applying the law stated in the Third Circuit's decision in <u>Colliers Lanard & Axilbund v. Lloyds of London</u>, 458 F.3d 231, 241 (3d Cir. 2006). In <u>Colliers</u>, the Third Circuit referred to a similar policy provision as an exclusion. <u>Id.</u> at 233. Although the Insurer argues in its reply brief that it is incorrect to consider the provision an exclusion, the Insurer does not explain how this case differs from <u>Colliers</u>. The Insurer and Cigolini agree that the policy language and the issues in <u>Colliers</u> are quite similar to the instant case. In the absence of any persuasive explanation of how the relevant policy language in the instant case differs from <u>Colliers</u>, such that the prior knowledge provision should not be considered an exclusion, this Court will treat the prior knowledge provision as an exclusion, as the Third Circuit did.

Even if this decision is in error, however, it has no impact on the outcome of this case.

7

As the following discussion will show, no party has demonstrated that a material factual dispute precludes the entry of judgment as a matter of law. All parties have presented the relevant evidence to this Court, and the record is sufficient to allow the entry of judgment as a matter of law. As will be discussed, the evidence of record allows for only one conclusion: under the prior knowledge provision, Cigolini is not entitled to coverage. If the Insurer bears the burden of proof of no coverage, it has met that burden. If Cigolini bears the burden of proof of coverage, he has failed to meet that burden. The categorization of the provision as an exclusion or a condition precedent has no ultimate effect on the outcome.

As just explained, Plaintiff and Cigolini do not dispute the legal principles to be applied to the dispute over whether Cigolini had prior knowledge sufficient to trigger the exclusion of coverage, which are drawn from the Third Circuit's decision in Colliers. In the opposition brief, Cigolini offers this summary:

> In Colliers, the Third Circuit considered an exclusion similar to the one in this case, and held that "the plain language of the policy exclusion mandates a *subjective test* for the first part of the necessary inquiry—whether the insured had knowledge of a suit, act, error or omission—and an *objective test* for the second part of the necessary inquiry—whether the suit, act, error or omission might reasonably be expected to result in a claim or suit." Id. at 233 (emphases added).

(Def.'s Opp. Br. 14.) In addition to this standard, the New Jersey Supreme Court has stated the following principles:

> In general, insurance policy exclusions must be narrowly construed; the burden is on the insurer to bring the case within the exclusion. However, exclusions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy.

Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997) (citation omitted). Plaintiff thus bears the burden of proof at trial that this case falls within the scope of the Policy exclusion of

8

coverage.

As to the Colliers subjective test, Plaintiff cites the following deposition testimony by Cigolini:

> Q. In July of 2016, however, you were aware that you had made a mistake on your appraisal review in connection with the property?
> A. I didn't make the calculation on the vacancy and rent loss figure.
> Q. But you were aware that your appraisal review contained an error?
> A. After they furnished the other report, the revised report.
> Q. And that was in 2016?
> A. Right.

(D'Agostino Dec. Ex. 1 69:13-23.) A reasonable jury could hear this evidence and conclude that, in 2016, Cigolini had subjective knowledge of the alleged error.

As to the Colliers objective test, Plaintiff cites the formulation of the test stated by the Third Circuit: "whether a reasonable professional in the insured's position might expect a claim or suit to result." Colliers, 458 F.3d at 237. In support, Plaintiff points to the undisputed facts described above. Particularly in view of the evidence that Cigolini had received the letter, dated June 30, 2016, in which an attorney stated that he represented the Bank and wanted to speak to Cigolini's legal counsel regarding the Appraisal Review, and that Cigolini has admitted that he knew in 2016 that the Bank alleged that the Appraisal Review contained an error, a reasonable jury could hear the evidence of these undisputed facts and conclude that a reasonable professional in the insured's position might expect a suit to result.

As the movant bearing the burden of proof of coverage exclusion at trial, Plaintiff meets its initial summary judgment burden by offering "credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Celotex, 477 U.S. at 331. Plaintiff has met this initial burden, and the summary burden then shifts to Defendants to defeat Plaintiff's motion for

9

summary judgment.

As to the subjective element of the standard, Cigolini's opposition brief argues that Cigolini believed that the appraiser's correction of the original mistake in a corrected appraisal report had resolved the matter. The opposition brief cites no evidence in support, as required by Rule 56(c)(1). Jersey Cent. Power & Light Co. v. Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985) ("Legal memoranda . . . are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion.") Cigolini's responsive Rule 56.1 statement, however, does cite evidence, Cigolini's deposition testimony. In the cited testimony, Cigolini states that he believed that "the matter was resolved" after he learned in 2016 that the Corrected Appraisal Report had been issued. (Welch Dec. Ex. B 75:1-3; 74:20-76:19.) Therefore, Cigolini argues, the subjective prong has not been satisfied.

This argument is not persuasive. It is irrelevant that Cigolini believed that "the matter was resolved" in 2016. (Welch Dec. Ex. B 75:1-3.) The Third Circuit explained the subjective prong as follows:

> As a matter of law, we hold that the policy exclusion in this case is clear and unambiguous, and that its plain language mandates a subjective test for the first part of the necessary inquiry and an objective test for the second part of the inquiry. As an initial observation, such a test flows directly from the text of the exclusion ("provided that the insured had no knowledge of any suit, or any act or error or omission, which might reasonably be expected to result in a claim or suit as of the date of signing the application for this insurance"). The first condition in the exclusion is satisfied if the insured had knowledge of the relevant suit, act, error, or omission. Accordingly, we conclude that this part of the exclusion depends on the insured's actual knowledge, or subjective awareness, of the relevant suit, act, error, or omission.

Colliers, 458 F.3d at 237. Thus, the Third Circuit looked to the language of the exclusion and used it to fashion the subjective inquiry. In the instant case, the exclusion states: "no **Insured**

had knowledge of any act or circumstance that may reasonably be anticipated to give rise to a **Claim** against the **Named Insured**." (Pl.'s 56.1 Stmt. ¶ 36.) Applying Colliers to this policy language, the subjective inquiry asks whether the insured had knowledge of the relevant act or circumstance. As explained by the Third Circuit, this first condition is satisfied by evidence that the insured had actual knowledge of the relevant act or circumstance. The relevant act in the instant case is Cigolini's alleged mistake in the Appraisal Review. The undisputed evidence in this case demonstrates that Cigolini had actual knowledge in 2016 of that alleged mistake. Even if taken as true that Cigolini believed that the matter was resolved, this is irrelevant to the determination that he had actual knowledge of the alleged mistake. Cigolini's "resolved" argument is akin to trying to unring a bell: there is no dispute that Cigolini had the requisite actual knowledge. Even if he had a good faith belief that the matter was resolved, that does not impact the conclusion that he had actual knowledge of the alleged mistake, which is all the subjective test requires.

As to the objective element, Cigolini's opposition brief offers two paragraphs of argument about the evidence with <u>no</u> citations to any evidence. Nor does Cigolini's responsive Rule 56.1 statement cite any evidence relevant to the objective test which raises a material factual dispute. In one very significant respect, the brief makes an assertion which is plainly contradicted by the undisputed evidence: the Bank's attorneys' "written communications do not refer to Cigolini's appraisal report . . ." (Opp. Br. at 15.) The undisputed evidence clearly shows that Cigolini's Appraisal Review was the stated subject of the letters dated June 30, 2016 and July 28, 2016, both of which asked Cigolini to have his counsel contact the Bank's attorneys. The earlier letter specifically stated that his counsel should contact the attorneys regarding the

11

matter of Cigolini's Appraisal Review.

This opposition brief argument has better support when it points out what the communications did not do: demand money, quantify damages, request that Cigolini's insurance carrier be put on notice, or make specific allegations against Cigolini.  The undisputed evidence of record supports all of those assertions.

Cigolini's opposition brief next discusses Innes v. Saint Paul Fire, 2015 WL 5334580 (D.N.J. Sept. 11, 2015), a case in which, it appears, the attorney communications to the insured contained the clear hallmarks of an impending lawsuit which Cigolini contends are absent in the instant case.  That may be so, but it does not help Cigolini oppose Plaintiff's motion for summary judgment.  The chief problem for Cigolini is that the opposition brief does not address what Third Circuit law requires in order for a non-movant not bearing the burden of proof at trial to defeat a motion for summary judgment:

> Although the burden of proof rests initially with the party moving for summary judgment, when a motion is made and supported, the nonmoving party must produce specific facts showing that there is a genuine issue for trial, rather than resting upon the assertions of pleading; a genuine issue means that the evidence must create a fair doubt, and wholly speculative assertions will not suffice.

Jersey Cent., 772 F.2d at 1109.  Conspicuously absent from Cigolini's opposition brief is an analysis identifying a genuine material issue of fact for trial.  Absent some demonstration that there is such an issue, Cigolini has failed to defeat Plaintiff's motion for summary judgment as to the exclusion of coverage.

Cigolini's arguments fail to demonstrate that there is a genuine material issue for trial.  To the extent that they are supported by the evidence, the arguments about the objective element say no more than that the Bank's attorneys did not highlight the legal danger to Cigolini with

flashing lights. The Insurer and Cigolini have agreed that this Court applies the two-pronged test from Colliers. As to the objective element of that standard:

> The second condition in the exclusion, in contrast, is satisfied if the suit, act, error, or omission might reasonably be expected to result in a claim or suit. This language does not require that the insured actually form such an expectation, and we conclude that this part of the exclusion gives rise to an objective test: whether a reasonable professional in the insured's position might expect a claim or suit to result.

Colliers, 458 F.3d at 237. In the instant case, the Policy exclusion condition language requires that: "no **Insured** had knowledge of any act or circumstance that may reasonably be anticipated to give rise to a **Claim** against the **Named Insured**." (Pl.'s 56.1 Stmt. ₱ 36.) The key phrases in the Policy in the instant case and those in the policy in Colliers are substantially the same, the only real difference being the word, "anticipated," in place of "expected." Thus, applying the Colliers objective test to the instant case, the question is whether a reasonable professional in the insured's position may or might anticipate a claim to result, given the knowledge Cigolini had of the circumstances. To defeat Plaintiff's motion for summary judgment, Cigolini must make some demonstration that a reasonable jury could hear the evidence of record and conclude that a reasonable professional in the insured's position would not anticipate a claim to result. This Court finds that no reasonable jury could hear the evidence of record and make such a conclusion: the only reasonable conclusion from the undisputed evidence is that a reasonable professional in the insured's position had knowledge of circumstances that may be anticipated to give rise to a claim against him. A reasonable jury could only conclude that the requirements of the exclusion, both as to the subjective and objective tests, have been satisfied. Cigolini has failed to even assert, much less demonstrate, that there is any other reasonable interpretation of the undisputed evidence about the communications of the Bank's attorneys with Cigolini.

13

Cigolini has failed to defeat Plaintiff's motion for summary judgment, seeking a declaration that his claim falls with a Policy exclusion, and that the Insurer has no coverage obligation. As to Count II, Plaintiff's motion for summary judgment against Cigolini will be granted.

The Bank also has opposed Plaintiff's motion for summary judgment. The Bank's opposition brief makes conclusory assertions that material factual disputes preclude the entry of judgment as a matter of law, but does not deal in specifics. As to Colliers, the Bank argues that Plaintiff has failed to conduct a public policy analysis like the one provided by the Third Circuit. This is unpersuasive. The Third Circuit stated:

> [W]e hold that under New Jersey law, the "exceptional circumstances" that might allow a court to construe a clear and unambiguous policy exclusion in accordance with the objectively reasonable expectations of the insured, rather than in accordance with the plain language of the exclusion, arise only when a literal application of the exclusion would also violate public policy.

Colliers, 458 F.3d at 237. Except to the extent that the Bank makes the cursory and conclusory assertion that enforcing the Policy exclusion in this case violates public policy, this Court presently has before it <u>no</u> argument from any party that the policy exclusion should be construed in accordance with the objectively reasonable expectations of the insured, because to do otherwise would violate public policy. The Bank's cursory public policy assertion says nothing about the objectively reasonable expectations of the insured. The Bank has not developed this public policy argument sufficiently to consider it. Plaintiff cannot be expected to rebut an argument no one has made. Moreover, application of the Colliers standard in this case does not depend on a public policy analysis. The Court finds the Bank's other attempts to make the Colliers standard inapplicable to this case to be unpersuasive – especially in light of the fact that

14

the Insurer and Cigolini agree that Colliers is the key case. Moreover, while the Bank contends that Colliers is inapplicable, the Bank does not even attempt to state what legal principles this Court *should* apply in deciding the coverage dispute.

The Bank has failed to defeat Plaintiff's motion for summary judgment, seeking a declaration that Cigolini's claim falls with a Policy exclusion, and that the Insurer has no coverage obligation for that claim. As to Count II, Plaintiff's motion for summary judgment against the Bank will be granted.

This Court has determined that Cigolini's Claim falls within a Policy exclusion, and that the Insurer has no coverage obligation for that Claim. Judgment will be entered in favor of Plaintiff and against both Defendants on Count II of the Complaint. Plaintiff has shown that it is entitled as a matter of law to a declaration that it has no coverage obligation for Cigolini's Claim. This moots Plaintiff's motion for summary judgment on Count I, which seeks a declaration that the underlying lawsuit does not constitute a claim first made during the policy period. Even if Plaintiff failed to prevail on its motion for summary judgment as to Count I, the decision on Count II conclusively resolves the dispute over the Insurer's coverage obligation in Plaintiff's favor.

## II. Cigolini's cross-motion for summary judgment

Cigolini cross-moves for summary judgment on all three claims in the Complaint. This Court's grant of Plaintiff's motion for summary judgment moots Cigolini's cross-motion as to Counts I and II. Count III seeks a declaratory judgment that Cigolini must reimburse Plaintiff's damages and claims expenses. Although Cigolini's brief in support of the cross-motion repeatedly requests a Judgment in his favor on all counts in the Complaint, the brief never

addresses Count III.   Cigolini's cross-motion for summary judgment will be denied.

                                                  s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated:   April 30, 2021